IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sequoia Smith,<br><br>        Plaintiff,<br><br>        v.<br><br>Southwest Airlines Co., and Francisco Flores,<br><br>        Defendants. | Case No. 1:24-cv-01001<br><br>Judge Joan B. Gottschall |

## **MEMORANDUM OPINION AND ORDER**

Before the court is plaintiff Sequoia Smith's ("Smith") renewed motion to remand this personal injury negligence case to the state court from which defendant Southwest Airlines Co. ("Southwest") removed it. Smith argues that this court lacks diversity jurisdiction because she and co-defendant Francisco Flores ("Flores") are both citizens of Illinois. *See* 28 U.S.C. §§ 1332(a)(1), 1447(c). Southwest does not dispute that Smith and Flores are Illinois citizens. It nevertheless opposes remand because Southwest and Smith are completely diverse, and the original complaint Smith filed in state court, which was the operative complaint when the case was removed, identified Flores by a fictitious name, that is, as a "John Doe" (or "Doe") defendant. For the following reasons, Flores' post-removal joinder destroys complete diversity and requires this case to be remanded to state court under 28 U.S.C. § 1447(e).

### **Background**

According to the complaint, the accident giving rise to this suit occurred at O'Hare International Airport on November 1, 2022. Compl. ¶¶ 1–2, ECF No. 1-1. A baggage tug driven by a Southwest employee allegedly struck a baggage cart, which in turn hit Smith, injuring her. *See* Compl. ¶ 5; *see also* Am. Compl. ¶¶ 1–4, ECF No. 27.

Smith filed her original complaint in the Circuit Court of Cook County, Illinois, naming as defendants Southwest and Doe. Southwest removed the case to this federal court, invoking the federal diversity jurisdiction statute, 28 U.S.C. § 1332(a). Notice of Removal ¶ 1, ECF No. 1.

The diversity jurisdiction statute has long been interpreted to require "complete diversity," meaning "that no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). To establish complete diversity, Southwest alleged in its notice of removal that it is a citizen of Texas, and Smith is a citizen of Illinois. Notice of Removal ¶¶ 4–5.

Smith moved to remand the case to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). She argued that Southwest likely knew the identity of the employee who operated the baggage tug and further that the driver was likely an Illinois citizen. This court denied Smith's original motion to remand,[1] reasoning as follows:

> [A]s Smith acknowledges, the removal statute requires the court to disregard a John Doe defendant's citizenship: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1) (West 2024). Under the time of filing rule, diversity jurisdiction must be analyzed "at the time of removal, as that is when the case first appears in federal court." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) (citing *Schact*, 524 U.S. at 391; other citation omitted). Here, the complaint named the individual defendant as "John Doe" when this case was removed, so the Doe defendant's citizenship does not affect the jurisdictional analysis regardless of whether or not Smith's suspicions about the Doe defendant's citizenship are correct. *See, e.g.*, *Goerdt ex rel. Howell v. Tribune Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997); *Kennedy v. Schneider Elec.*, 2013 WL 683360, at *1–2 (N.D. Ind. Feb. 22, 2013).

*Smith v. Southwest Airlines Co.*, No.1:24-cv-1001, order at 2 (N.D. Ill. May 15, 2024) (one internal citation omitted).

The court also granted Smith's unopposed motion for leave to conduct discovery to identify the Doe defendant but "expresse[d] no view on how, if at all, the Doe defendant's citizenship will affect subject matter jurisdiction in the event that plaintiff identifies and seeks to join the Doe defendant." *Id.* at 4.

---

[1] Smith also argued in her original motion to remand that Southwest failed to carry its burden to show that the $75,000 amount in controversy requirement for diversity jurisdiction was satisfied when this case was removed. The court ruled in Southwest's favor on this issue. *See* Smith, order at 3–4. Smith does not take issue with the court's amount in controversy ruling in her renewed motion to remand.

Following limited discovery, Smith moved for leave to file an amended complaint naming Flores, an Illinois citizen, in place of the Doe defendant. ECF No. 24. Southwest did not oppose Smith's motion, *id.* at 1, and the court granted it. Smith then filed her live, first amended complaint, ECF No. 27, and, subsequently, the instant motion to remand.

**Analysis**

Smith asserts that Southwest has known Flores' identity and citizenship since the accident occurred. Consequently, Smith contends that Southwest removed this case opportunistically before she identified Flores.

In opposing remand, Southwest relies on the time of filing rule under which the court denied Smith's first motion to remand. But Flores had not been identified and the complaint had not been amended when this court denied the first motion to remand. Contrary to Southwest's arguments, the post-removal joinder of a non-diverse defendant may result in remand under 28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Seventh Circuit's decision in *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009), illustrates the operation of § 1447(e). *See also Alvarez ex rel. Estate of Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993, 997–98 (7th Cir. 2000).

In *Schur*, the plaintiff, an Illinois citizen, sued an out-of-state company in state court, alleging that the company's negligence in recommending dietary supplements led to the death of the plaintiff's sister. *See Schur,* 577 F.3d at 758. The company removed the case to federal court because complete diversity existed between it and the plaintiff. *Id*. Following removal, the plaintiff sought and obtained leave to file a second amended complaint adding as defendants two of the corporate defendant's employees, both of whom were non-diverse Illinois citizens. *See id.*

The Seventh Circuit held that § 1447(e) governed the plaintiff's post-removal request to add the non-diverse defendants, and remand was required if the court permitted them to be joined. *See id.* at 763–64. The *Schur* court identified four § 1447(e) factors to be considered: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat

3

federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* at 759 (citations omitted). After analyzing these factors, the *Schur* court held: "Our review of the record indicates that the district court should have remanded Schur's case to Illinois state court." *Id.* at 768.

As *Schur* demonstrates, the time of filing rule does not prevent a district court from remanding a case under § 1447(e) if joinder of a non-diverse defendant is allowed after removal. *Schur* does not control one aspect of the present case, however, because Smith did not add Flores as a defendant after removal. Rather, post-removal, Smith amended the complaint, without opposition from Southwest, to identify Flores as the John Doe defendant named in the original complaint and plead that Flores is a non-diverse Illinois citizen. *Schur* does not answer the question presented in this case: after removal, does filing an amended complaint identifying a non-diverse former John Doe defendant qualify as "joinder" of that defendant under § 1447(e)? If the answer is yes and the joinder was proper, the court must remand under § 1447(e). *See Schur*, 577 F.3d at 768.

The Seventh Circuit does not appear to have addressed this question. Southwest cites no case in which the plaintiff amended the complaint after removal to identify a former John Doe defendant. Smith cites one such case, *Marshall v. CSX Transportation Co., Inc.*, 916 F. Supp. 1150 (M.D. Ala. 1995). *Marshall* arose out of an accident in which a train operated by CSX Transportation Co., Inc. ("CSX"), struck a car driven by one of the plaintiffs. *Id.* at 1150. The plaintiffs filed their complaint in state court against CSX and one or more John Doe defendants identified in the complaint as the engineer or engineers who conducted the train involved in the accident. *Id.* at 1150–51. CSX removed the case to federal court based on complete diversity between itself and the plaintiffs, who were both citizens of Alabama. *Id.* at 1151. The plaintiffs moved to remand, citing evidence that one of the Doe defendants was an Alabama citizen. *Id.* The *Marshall* court remanded the case to state court under 28 U.S.C. § 1447(e), the post-removal joinder statute at issue in *Schur*. *See id.* at 1053–54.

4

The *Marshall* court reasoned that § 1447(e) required remand even though the plaintiffs had not filed a motion to amend the complaint to name the non-diverse, formerly fictitious defendant "because doing so would merely constitute a 'shorthand method of allowing an amendment to add the non-diverse party and then remanding.'" *Marshall*, 916 F. Supp. at 1154 (citing *Wright v. Sterling Inv. Life Ins. Co.*, 747 F. Supp. 653, 655 (M.D. Ala. 1990)). Implicit in this analysis is the proposition that amending the complaint to identify a non-diverse former John Doe defendant triggers § 1447(e)'s requirement to remand. *See id.*

Consistent with *Marshall*, district courts uniformly treat a motion for leave to amend the complaint to identify a former John Doe defendant as a request under § 1447(e) to join the newly identified, non-diverse defendant. *See, e.g., Carpenter v. Menard, Inc.*, 2014 WL 5465747, at *1–2, 5, 7 (N.D. Ind. Oct. 28, 2014); *Gilberg v. Stepan Co.*, 24 F. Supp. 2d 355, 358 (D.N.J. 1998); *Mammano v. Am. Honda Motor Co.*, 941 F. Supp. 323, 325 (W.D.N.Y. 1996); *Davis v. Am. Com. Barge Line Co.*, 1998 WL 341840, at *2 (E.D. La. June 25, 1998). Southwest cites no contrary authority, and this court has found none. Rather, it is hornbook law that "[i]f the plaintiff seeks to substitute a diversity-destroying defendant [for a fictitious defendant] after removal, the district court . . . is authorized by the statute [§ 1447(e)] to deny joinder of that party, or to permit joinder and remand the case to the state court."[2] Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3642 (3d ed.), Westlaw (database updated June 2024); *see also id.* n.33.75 (collecting additional cases). This court finds the weight of this

---

[2] Cases and secondary sources sometimes use the word "substitution" as a shorthand to refer to amending a complaint after removal to identify and allege the citizenship of a defendant formerly sued under a fictitious name. The use of the word "substitution" has the potential to confuse the distinct concepts of substitution and joinder. Rule 25 of the Federal Rules of Civil Procedure governs substitution of parties while Rules 19–21 govern joinder of parties. Note that Section 1447(e) speaks in terms of "joinder" of a non-diverse party rather than substitution. The Seventh Circuit has held that post-removal substitution of a non-diverse party under Rule 25 does not divest a federal district court of jurisdiction, but the "addition" or "joinder" of a non-diverse party requires remand. *Alvarez*, 213 F.3d at 995 (discussing and interpreting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428–29 (1991) (per curiam). Rule 25 governs substitution when a party dies, when a party becomes legally incompetent, when an interest is transferred, and when the identity of public officers sued in an official capacity changes. But Rule 25 does not authorize substitution of a fictitious party. To promote clarity, the court refers to the procedural vehicle Smith used to identify Flores—the filing of an amended complaint—as joinder rather than substitution.

authority persuasive and holds that § 1447(e) governs when the plaintiff moves, post-removal, to amend the complaint to identify a John Doe defendant as a party whose citizenship destroys complete diversity. The case must therefore be remanded if an analysis of the § 1447(e) factors favors joinder of a non-diverse defendant.

The court analyzes the § 1447(e) factors as they apply to the circumstances of the case at bar. Again, the factors are: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur,* 577 F.3d at 759 (citations omitted).

On the first factor, Southwest does not argue that Smith joined Flores to defeat diversity jurisdiction. Indeed, Smith has been pursuing a good faith claim against the baggage tug operator—without knowing the operator's identity or citizenship—since the case's inception in state court. No motive on Smith's part to defeat diversity jurisdiction has been shown. On the second factor, Smith acted promptly after removal. Within one month, she moved for leave to conduct discovery to identify the tug operator. And within six weeks after receiving leave to conduct that discovery, Smith moved to amend her complaint to name Flores. On the third factor, Smith will be forced to split her claims and litigate them in two courts if Flores is not joined. Specifically, she will be forced to litigate claims against Southwest in federal court while simultaneously against Flores in Illinois state court. The increased expense and complexity inflict an unjustified injury upon Smith. Finally, the parties identify no additional equitable factors affecting the joinder analysis in their briefing.

In sum, the first three §1447(e) factors favor joining Flores, and the fourth is neutral. After weighing the § 1447(e) factors in their totality, the court determines that 28 U.S.C. § 1447(e) requires remand based on the post-removal joinder of Flores, a non-diverse defendant.

For the reasons stated, plaintiff's renewed motion to remand is granted. This case is remanded to the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1447(e).

Dated December 11, 2024 /s/ Joan B. Gottschall
United States District Judge